IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

DOUGLAS BROTHERS, INC.,

          Defendant.

---

FILED

05 JAN 31 PM 3: 23

U.S. DISTRICT COURT
WDNY ROCHESTER

05-CR-*-*6013L

## PLEA AGREEMENT

The defendant, DOUGLAS BROTHERS, INC., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 42, United States Code, Sections 7413(c)(1) and 7412(f)(4), the knowing and unlawful violation of work practice standards under the Clean Air Act pursuant to Title 42, United States Code, Section 7412(h) which incorporates the related regulatory provisions at 40 C.F.R. § 61.150 and § 61.145. The aforementioned section carries a maximum possible fine of $500,000, a term of probation of 5 years and a mandatory $400 special assessment. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II.    SENTENCING GUIDELINES

2.    The defendant and government understand that the Court must consider but is not bound by Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

3.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt:

a.    A building containing friable asbestos was, or was to be, demolished or renovated;

b.    The building contained at least 260 linear feet of regulated asbestos-containing material (RACM);

c.    The defendant knew that asbestos-containing material was in the building;

d.    The defendant knowingly aided and abetted or caused an owner or operator to disturb and remove regulated asbestos-containing material in violation of Work Practice Standards; and

e.    The regulated asbestos-containing material was disturbed and removed without compliance with asbestos Work Practice Standards,

-2-

namely, failure to adequately wet asbestos and/or failure to adequately contain and dispose of asbestos waste.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a) The Clean Air Act (CAA) establishes a regulatory program for limiting discharges of pollutants into the air. Federal Regulations at 40 CFR 61.145(a)(4)(i) mandate that whenever more than 260 linear feet of Asbestos Containing Material (ACM) is to be removed during a renovation, certain work practice standards under §61.145(c) and § 61.150(a)(1) must be followed. Those work practice standards require: wetting of the ACM, proper sealing of the wetted ACM, and labeling of the ACM material if the ACM is to be transported off the facility site.
>
> b) In or about the fall of 2001, DOUGLAS BROTHERS, INC. (DOUGLAS BROTHERS), a business incorporated in Pennsylvania, was hired to conduct an asbestos removal operation at the Diven Elementary School, located in Elmira, New York, in the Western District of New York. The operation involved the removal of approximately 3,800 linear feet of friable ACM and 535 square feet of non-friable ACM.
>
> c) Beginning in or about October 1, 2001, at the direction of management, employees of, and/or persons subject to the direction of DOUGLAS BROTHERS and Earth Care, Inc.[1] commenced working on the Diven Elementary School asbestos removal project. On or about

---

[1] Earth Care Inc. is a subsidiary of Douglas Brothers.

October 2, 2001, a New York Department of Labor (NYDOL) Inspector arrived onto the Diven Elementary School work site and observed that abatement work had begun a day earlier than what DOUGLAS BROTHERS had notified both NYDOL and the Environmental Protection Agency (EPA). On October 2, 2001, the NYDOL Inspector issued DOUGLAS BROTHERS a Notice of Violation due to the fact that the decontamination unit was not operational. The NYDOL Inspector was informed by DOUGLAS BROTHERS' employee, Ken Lester, that the abatement project would be stopped until DOUGLAS BROTHERS was in full compliance.

d) On or about October 18, 2001, the NYDOL Inspector returned for another inspection. On that date, he observed improper asbestos removal in that the ACM was not wetted prior to removal. In addition, when the ACM bags and glove bags located in the containment area were opened, the NYDOL Inspector observed visible emissions and that the contents were dry. The NYDOL Inspector also saw that there were no water sources, including hand sprayers, to do abatement in the containment area or in the entire project area. Asbestos bags found in the storage trailer also contained dry and flaky ACM. The Inspector took samples from three bags in the containment area and one bag from the storage are and each bag tested positive for friable asbestos.

e) On or about November 13, 2001, following the conclusion of the abatement project, the NYDOL Inspector again inspected the Diven Elementary School. Suspect ACM was found lying on the ground in the areas that had been the subject of the abatement project. Four out of five samples taken and analyzed tested positive for friable asbestos.

f) The defendant acknowledges and admits that between October 1, 2001 and November 13, 2001, employees and persons under the control of the defendant DOUGLAS BROTHERS did remove ACM while dry and without any wetting. The defendant further acknowledges and admits that

at no time did it seek nor obtain the permission of the Administrator of the Environmental Protection Agency to do dry removal or any other alternative method of ACM removal.

## APPLICABLE GUIDELINES SECTION

5. The government and the defendant agree that Chapter Two, Part Q of the Sentencing Guidelines applies to violations of the Clean Air Act. Guidelines §8C2.1 indicates that the Fine Guidelines for a corporate defendant do not apply to offenses involving the environment under Chapter Two, Part Q of the Guidelines. Guidelines §8C2.10 states that the Court should determine an appropriate fine by applying the general statutory provisions governing sentencing. The government and the defendant agree that 42 U.S.C. §7413(c)(1) provides for a fine under Title 18, specifically §3571(c)(3) which sets any fine at not more than $500,000.

6. The government and the defendant agree that Guidelines §§ 8D1.1 and 8D1.2 allow the Court to order a term of probation of at least one year but not more than five years should the Court find that such is appropriate under such sections.

7. Pursuant to Rule 11(c)(1)(C), the government agrees that

the defendant be fined $40,000 and that the defendant be placed on probation for a period of five (5) years. This recommendation is based on the fact that the corporation is closely held and is essentially involved in the paving business in the Pennsylvania area. The corporation has gone to the Diven Elementary School on at least two occasions in order to clean up the emissions from their project and the costs of the clean up efforts were charged to the corporation. The government has reviewed the defendant's financial records and has determined, under the circumstances, that the fine of $40,000 is a fair and just disposition that not only punishes the conduct but provides a sufficient deterrence against similar conduct by others. Since this plea is in satisfaction for the corporation and all individuals, a fine of $40,000 is appropriate and serves the interests of justice.

8. The government will recommend to the Court at the time of sentencing, and the defendant specifically agrees to accept, a five (5) year term of probation which at a minimum would include the following terms and conditions:

> a) The defendant shall undertake and shall ensure that any legally-authorized remedial action required by a duly authorized regulatory agency shall be undertaken so as to remedy any past violations and so as to assure that all future activity conforms with all federal, state and local laws, regulations and policies.

b) The defendant shall also undertake and shall ensure that there will be no future substantial violations of any environmental laws, including the limitations required under any permit obtained or required by any duly authorized federal, state or local agency.

c) The defendant will fully cooperate with all local, state and federal environmental authorities in carrying out their oversight responsibilities so as to ensure full compliance with all environmental statutes, regulations, policies and guidelines.

9. Because this is a guilty plea by a corporation which resolves the criminal investigation, the government agrees not to oppose a request by the defendant that the Pre-Sentence Report be waived and that the defendant be sentenced at the entry of the Plea of Guilty.

10. Similarly, the defendant agrees to pay the fine of $40,000 at the time of sentence and will not seek, nor argue for, a fine any less than $40,000.

11. If, the Court rejects the fine as set forth in Paragraph 7 of this plea agreement, the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If the Court adopts the fine recommendation set forth under Paragraph 7 of this plea agreement, the defendant understands that it will **not** be entitled to withdraw its plea of guilty.

## III.   STATUTE OF LIMITATIONS

12.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the knowing and unlawful violations of work practice standards under the Clean Air Act which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV.   GOVERNMENT RIGHTS AND RESERVATIONS

13.   The defendant understands that the government has reserved the right to:

> a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history; and

> b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government.

14.   The government agrees that this plea is in full

-8-

satisfaction of any federal criminal offenses committed in the Western District of New York relating to the events/facts set out in the "Factual Basis" for possible violations of the Clean Air Act by the defendant, its subsidiary Earth Care, Inc., and/or any of their employees, officers and owners.

## V. APPEAL RIGHTS

15. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack the agreed upon fine of $40,000 as set forth in Section II, paragraph 8 above.

16. The government waives its right to appeal the agreed-upon sentence to be imposed by the Court.

## VI. TOTAL AGREEMENT AND AFFIRMATIONS

17. This plea agreement represents the total agreement between the defendant, DOUGLAS BROTHERS, INC., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

Western District of New York

BY: _____
Tiffany H. Lee
Assistant U. S. Attorney
Dated: January 31, 2005

The corporate defendant, DOUGLAS BROTHERS, INC., by its attorney, Thomas R. Smith, Esq. and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked **Exhibit A**, hereby agrees to all the terms of this agreement. Furthermore, the defendant, DOUGLAS BROTHERS, INC., acknowledges that all the terms of this agreement, which consists of 10 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, Thomas R. Smith, Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.

_____
DOUGLAS BROTHERS, INC.
BY: Gerald Peterson, ~~President~~ Supt.
Defendant
Dated: January 27, 2005

_____
Thomas R. Smith, Esq.
Attorney for the Corporation
Dated: January 24, 2005

A

## SECRETARY'S CERTIFICATE

I, FLORENCE PETERSON, the duly elected Secretary of Douglas Brothers, Inc., a corporation organized under the laws of the State of Pennsylvania, with its principal offices in Athens, Pennsylvania, do hereby certify that the following is a true and complete copy of a resolution passed by written consent of the Board of Directors of the Corporation on January 26, 2005:

**RESOLVED**, that Gerald Peterson, Superintendent, is hereby authorized to enter into the Plea Agreement, and enter a plea of guilty to an Information and execute any necessary Waivers, consistent with the terms of the documents which are attached to this resolution, and it is further

**RESOLVED**, that Gerald Peterson is authorized to execute any additional documents on behalf of the Corporation, which must be executed in order to finalize the terms of the Plea Agreement, and it is further

**RESOLVED**, that the Corporation is authorized to submit to the Court, any additional data, including a current financial statement, as may be required by the Court, as a condition of acceptance of the Plea Agreement.

**IN WITNESS WHEREOF**, the undersigned has hereto set her hand and the seal of the Company this 26th day of January, 2005.

_____
Florence Peterson, Secretary

1042734.1

# UNANIMOUS WRITTEN CONSENT
# OF
# BOARD OF DIRECTORS
# OF
# DOUGLAS BROTHERS, INC.

The Board has had an opportunity to review the written Plea Agreement, and a one count information charging a violation of Title 42, United States Code Sections 7413(c)(1) and (7412(f)(4). The Board has been kept apprised of all issues in connection with the matter entitled "United States of America v. Douglas Brothers, Inc." The Board has carefully considered all of the relevant issues, and has had an opportunity to consult with Thomas R. Smith, Esq., of the law firm of Bond, Schoeneck & King, PLLC, counsel retained for purposes of representing the corporation in connection with this matter.

WHEREAS, Florence Peterson, is the sole shareholder, director and officer of Douglas Brothers, Inc. (the "Corporation");

WHEREAS, the Board of Directors has reviewed the proposed Plea Agreement, and the Information, in connection with a resolution and final settlement of the above-described matter; and

WHEREAS, the Board of Directors has been full apprised of the potential benefits and detriments involved in entering into such a Plea Agreement;

The undersigned, being the sole director of the Corporation, hereby adopts the following resolutions by written consent:

> **RESOLVED**: That, Gerald Peterson, the Superintendent of the Corporation, is hereby authorized to enter into the Plea Agreement, and enter a plea of guilty to an Information and execute any necessary Waivers, consistent with the terms of the documents which are attached to this resolution.

**RESOLVED**: That, Gerald Peterson, Superintendent, is authorized to execute any additional documents on behalf of the Corporation, which must be executed in order to finalize the terms of the Plea Agreement.

**RESOLVED**: That, the corporation is authorized to submit to the Court, any additional data, including a current financial statement, as may be required by the Court, as a condition of acceptance of the Plea Agreement.

**IN WITNESS WHEREOF**, I have signed this instrument and direct that it be filed with the minutes of the proceedings of the Board of Directors.

Dated: January 26, 2005

Florence Peterson, Sole Director and Secretary